O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| SANDRA HELLER and STANLEY HELLER,<br><br>                    Plaintiffs,<br>          v.<br>ALM BANK A/S; and DOES 1–500,<br>                    Defendants. | Case № 2:15-cv-1635-ODW(PJWx)<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR EXTENSION OF TIME [21] AND GRANTING DEFENDANT'S MOTION TO DISMISS [13]** |

Presently before the Court is Defendant ALM Bank A/S's Motion to Dismiss and Plaintiffs Sandra and Stanley Heller's Ex Parte Application for Extension of Time to Oppose the Motion to Dismiss. (ECF Nos. 13, 21.) Because Plaintiffs have not filed any opposition and for the reasons discussed in Defendant's papers, the Court **DENIES** Plaintiffs' Ex Parte Application and **GRANTS** Defendant's Motion.[1]

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

The hearing on Defendant's Motion was originally set for July 27, 2015. The

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

parties stipulated to continue the hearing date to September 14, 2015 and extend the deadline for opposition and reply briefs. (ECF No. 16.) The parties stipulated again to continue the hearing date to October 19, 2015, with Plaintiffs' opposition due by September 2, 2015 and Defendant's reply by October 5, 2015. (ECF No. 19.) On September 17, 2015, having not received any Opposition from Plaintiffs, the Court informed the parties that it may grant the Motion as unopposed if an opposition was not filed by September 24, 2015. (ECF No. 20.) Instead of filing an opposition, Plaintiffs have asked for yet another extension of time to oppose until October 19, 2015. Plaintiffs claim that on September 1, 2015, the parties agreed to a third extension to allow Plaintiff an additional three weeks to oppose Defendant's Motion, but inexplicably the stipulation was never submitted to the Court. (App. 3.) Defendant opposes the Application on the basis that Plaintiffs failed to comply with Local Rules 7-3 and 7-19.1.[2] (ECF No. 22 at 2–3.)

The Court is sympathetic to the personal hardship experienced by Plaintiffs' counsel, Mr. Kalcheim, these past few months, but unfortunately does not find that it justifies a fourth extension. After requesting the first, or even second, extension, Mr. Kalcheim should have sought outside help or recommended to his clients that they seek new counsel. Thus, the Court **DENIES** Plaintiffs' Ex Parte Application for Extension, and finds that Plaintiffs have failed to oppose Defendants' Motion. Plaintiffs' failure to oppose may therefore be deemed consent to the granting of Defendant's Motion. *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009) ("The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is grounds for granting the motion." (quoting *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).

Furthermore, the substance of Defendant's Motion appears meritorious. Under the traditional application of the *forum non conveniens* doctrine, a court "dismissing

---

[2] Defendant argues that Plaintiffs' counsel only left a voicemail regarding the application and therefore has failed to adequately meet and confer per L.R. 7-3 and failed to specify the reasonable and good faith efforts made to advise opposing counsel of the Application per L.R. 7-19.1.

2

an action on *forum non conveniens* grounds . . . must examine: (1) whether an adequate alternative forum exists; and (2) whether the balance of private and public interest factors favors dismissal." *Luek v. Sundstrand Corp.*, 236 F.3d 1337, 1142 (9th Cir. 2001). However, where a valid forum selection clause is at issue, the traditional *forum non conveniens* analysis is abridged such that the burden is shifted to the party resisting the forum selection clause to demonstrate that "public-interest factors overwhelmingly disfavor a transfer." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 580–81.

Plaintiffs' Complaint seeks to re-open and revise the terms of two separate settlement agreements entered into between the parties. (Mot. 5–6.) The agreements contain forum selection provisions establishing Denmark as the exclusive forum in which to bring all disputes arising out of or relating to the settlement agreements. (*Id*.) The settlement agreements were negotiated by the parties and their counsel in Denmark; resolved disputes related to Danish loans issued by ALM in Denmark; and were secured by and addressed the transfer of Danish mortgage deeds and debt instruments related to real property, in Denmark, from ALM to another Danish Bank. (*Id*. at 1–5.) Furthermore, Plaintiffs are already pursuing a very similar action against ALM in Denmark, which is based on the same alleged facts set forth in the Complaint. (Mot. 11–12.) Thus, not only does Denmark have a greater interest than California over Plaintiff's claims, but Plaintiffs will not be denied their "day in court" because their claims are being pursued in a parallel action. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

September 28, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**